IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Profit J. Finch, #308703, ) | |
| ) | C/A No. 4:09-0487-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| McCormick Correctional Institution, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Profit J. Finch is an inmate in custody of the South Carolina Department of Corrections (SCDC) who currently is housed at the Wateree River Correctional Institution in Rembert, South Carolina. At the time of the underlying complaint, Plaintiff was housed at the McCormick Correctional Institution in McCormick, South Carolina. On February 27, 2009, Plaintiff, appearing *pro se*, filed the within action pursuant to 42 U.S.C. § 1983, alleging that he was assigned a "top bunk" despite an alleged disability. Plaintiff contends that he was injured when he fell from the top bunk.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. 1915A, and the Prison Litigation Reform Act. The Magistrate Judge filed a Report and Recommendation on March 19, 2009. The Magistrate Judge noted that Defendant McCormick Correctional Institution is a group of buildings or a facility, and thus is not a "person" subject to suit pursuant to § 1983. Accordingly, the Magistrate Judge recommended the complaint be dismissed without prejudice and without issuance and service of process. Plaintiff filed an objection to the Report and

Recommendation on May 4, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff states in his objection that "he had no business being on a Top Bunk" after "just having and [*sic*] operation[.]" Entry 10, 2. Plaintiff also states that "SCDC is the Party I have (beef) with." Id. at 1.

Plaintiff's objection fails to direct the court's attention to a specific error in the Magistrate Judge's proposed findings and recommendations. Nevertheless, the court has conducted a *de novo* review of the complaint and concludes that the Magistrate Judge has properly applied the applicable law. Neither Defendant McCormick Correctional Institution nor SCDC is amenable to suit under § 1983. See Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999), vacated in part on other grounds, 203 F.3d 821 (4th Cir. 2000); Clark v. Maryland Dep't of Pub. Safety & Corr. Servs., No. 08-7918, 2009 WL 646247, *2 (4th Cir. March 13, 2009). The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The complaint

is dismissed *without prejudice* and without issuance of service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 8, 2009.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**